NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WANDA PROPHETE<br><br>Plaintiff,<br><br>v.<br><br>BLACKSTONE GROUP, et al.,<br><br>Defendants. | Civil Action No.: 11-7425 (JLL)<br><br>OPINION |

**LINARES**, District Judge.

## INTRODUCTION

Plaintiff *pro se*, Wanda Prophete, seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. Based upon her affidavit of poverty, the Court finds that Plaintiff qualifies for non-prisoner *in forma pauperis*. 28 U.S.C. § 1915(a). Having thoroughly reviewed Plaintiff's allegations, the Court concludes that dismissal of the Complaint, without prejudice, is required by 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

## BACKGROUND

Plaintiff brings this action based on the alleged unlawful gender, wage, and religious discrimination against her. (CM/ECF No. 1, ¶¶ 9-10) (hereafter "Complaint"). Plaintiff's

1

Complaint does not contain any factual allegations. From the Exhibits annexed to the Complaint and a supplemental filing by Plaintiff, the Court ascertained the following.

On September 1, 2010 Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of sex and religion, and retaliation by Defendant Blackstone Group. (CM/ECF No. 1-1). After examining the charges, the EEOC informed Plaintiff on September 20, 2011 that it was unable to conclude that the information provided established a violation of federal law and advised her of her right to file a lawsuit. (CM/ECF No. 1-1). On December 19, 2011, Plaintiff filed the instant Complaint. (CM/ECF No. 1).

From the documents attached to her submissions, it is apparent that Plaintiff also filed a suit in New Jersey Superior Court (Docket No. ESX-L-145-11) against most, if not all, of the defendants in this suit, alleging nine state law violations including hostile work environment, gender discrimination, and unlawful retaliation. (CM/ECF No. 1-3, State Complaint). Defendants counterclaimed, asserting tortious interference with contractual relationship and tortious interference with prospective economic advantage and alleging that Plaintiff stole confidential information in the form of email addresses belonging to the tenants of the Harrison Street property, which she allegedly used to send tenants an email containing allegedly false statements about Defendants and the circumstances of her termination. (CM/ECF No. 3-3, Defendant State Court Answer, ¶¶ 14-18).

On March 1, 2012, Plaintiff submitted a letter to this court, stating that she felt compelled to "express the challenges and frustration [she is] experiencing in Superior Court of New Jersey." (CM/ECF No. 3). In the letter Plaintiff lists a series of violations by Defendant Blackstone Group related to her dismissal, including wrongful termination, retaliatory discharge,

2

whistle blowing, civil rights violations, hostile work environment, defamation of character, and intentional infliction of emotional distress.

In the letter she states that "Blackstone Group, LLC violated the U.S. Constitution, Civil Rights and Employment & Gender Discrimination," and that "Blackstone Group, LLC also violated the public trust and tried to force and manipulate me [to] betray my moral and ethical commitment as a Public Official, Commissioner Planning Board of East Orange and a New Jersey Real Estate Sales Associate." (CM/ECF No. 3, 3). She continues: "[w]hen I refused to participate in Blackstone Group's deceitful, unethical and unlawful business practices they retaliated and '[w]rongfully' terminated my employment." (Id.) Plaintiff additionally states that she followed proper protocol and procedures in relation to an Equal Employment Opportunity Commission and the New Jersey Division of Civil Rights investigation. (Id.) Upon the conclusion of the investigation, the EEOC determined that it was unable to conclude that the relevant statutes had been violated and issued a Notice of Dismissal and Right to Sue. (Id.; Compl. Ex. 1, 4). The remainder of the four-page letter contains biographical information and details Plaintiff's involvement with community service, but no additional facts specifically relating to the substance of her complaint and causes of action contained therein.

A general overview of allegations pled in her state court complaint follows. Plaintiff submitted concerns to Defendants in her roughly seven-month tenure at the Harrison Street property, which were met with hostility and threats of termination (State Compl. ¶¶9, 12–14). Specifically, Plaintiff claims that when she forwarded maintenance requests to Defendant Hasan, he accused her of siding with the tenants of the building at which she worked and threatened to terminate her if it continued. (State Compl. ¶ 9). When Plaintiff reported a possible gas leak to the fire department in May 2010, Defendants Newman and Terborg allegedly warned Plaintiff

3

that she would be terminated if she called the fire department again. (State Compl. ¶¶12-13). On July 2, 2010, Defendant Hasan allegedly directed Plaintiff to misrepresent herself as Defendants' attorney in a landlord-tenant proceeding in state court. (State Compl. ¶16). When she refused, Defendant Terborg allegedly told Plaintiff that he and Defendant Hasan would find reasons to fire her. (Compl. ¶16).

Two weeks later, on July 16, 2010, Defendant Hasan allegedly fired Plaintiff and told her that he wanted her out of his building by the following Monday.[1] (State Compl. ¶ 17). On July 19, 2010 Plaintiff received a letter to vacate. (State Compl. ¶ 18). Plaintiff claims that Defendants refused to give her a letter of termination, which delayed her application for unemployment benefits. (State Compl. ¶ 17). Defendants deny the preceding allegations. (Defendant Answer ¶¶ 9, 12-17).

## LEGAL STANDARD

28 U.S.C. § 1915(a) permits an individual to bring an action without prepayment of fees if she establishes, by affidavit, that she is unable to pay. The court may dismiss the action at any time if it finds that, among other things, the complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Courts must be mindful to construe a pro se plaintiff's complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). In doing so, courts hold *pro se* complaints to "less stringent standards than formal pleadings drafted by

---

[1] Plaintiff's state court complaint states that she was terminated on July 19, 2011. (Compl. ¶¶ 17, 18, 20). But because plaintiff alleges that she was employed by Defendant from May 4, 2009 to July 16, 2010 and her EEOC complaint is dated September 1, 2010, this Court construes the July 19, 2011 as a typographical error.

lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). The court must apply the applicable law, "irrespective of whether the *pro se* litigant has mentioned it by name." Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In determining the complaint's sufficiency, the Court must "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). However, a court need not credit "bald assertions" or "legal conclusions." Id. Despite this less stringent standard, pro se complainants are still held to the pleading requirements of the Federal Rules of Civil Procedure. Byrne v. Cleveland Clinic, 684 F.Supp.2d 641, 648 (E.D.Pa. 2010).

Under Federal Rule of Civil Procedure Rule 8(a), a complaint must set forth: 1) "a short and plain statement of the grounds for the court's jurisdiction"; 2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and 3) a demand for the relief sought. A plaintiff must plead plausible, factual content that enables the court to draw a reasonable inference that the defendants are liable for the misconduct alleged. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). To be plausible, a complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." Id. Courts are not bound, however, to "accept as true legal conclusion[s] couched as . . . factual allegation[s]." Id. at 1950.

## ANALYSIS

Plaintiff's federal filings, as they stand now, fail to set forth sufficient plausible factual allegations to support a claim which could entitle her to relief. Plaintiff's allegations of gender, wage, and religious discrimination are plead in conclusory terms, and are accompanied by no

facts to support these claims. As the Supreme Court noted in Iqbal, "legal conclusions can provide the framework of a complaint [but] they must be supported by factual allegations." 129 S. Ct. at 1950.

While Plaintiff's supplemental filing contains factual allegations that seem to indicate wrongdoing by Defendants, she does not specifically explain how wages, gender, or religion played a role in their decision to terminate her. Notably, she does not mention any actions or statements by Defendants linking her gender or religion to her ability to perform her job. Nor does she indicate that she was treated differently from employees belonging to a different gender or religion.

### A. Title VII

Plaintiff claims that Defendants fired her because of her gender and religion. Under Title VII, it is unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of [their] race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a) (2003). The plaintiff has the initial burden of showing that she is a member of a protected class, was the subject of an adverse employment action, and that the circumstances give rise to an inference of discrimination. McDonnell Douglas v. Green, 411 U.S. 792, 802 (1973). The evidence set forth must be adequate to create an inference that an employment decision was based on illegally discriminatory criteria. Pivirotto v. Innovative Systems, Inc., 191 F.3d 344, 356 (3d Cir.1999). To prove disparate treatment based upon sex or religion, an individual must demonstrate that she (1) is a member of a protected class; (2) was qualified for the position she

held; (3) that she suffered an adverse employment action; and (4) the adverse employment action was "under circumstances that give rise to an inference of unlawful discrimination such as might occur when the position is filled by a person of the protected class." Jones v. School Dist. of Philadelphia, 198 F.3d 403, 410 (3d Cir. 1999); Abramson v. William Paterson College, 260 F.3d 265, 281-82 (3d. Cir. 2001) (explaining the standard for a wrongful termination claim based upon religion and noting that it mirrors the standard for race or sex discrimination);

While Plaintiff's supplemental filings state that she has over forty years' experience in the construction field, she does not specifically enumerate her qualifications for the positions she held with Defendant Blackstone Group. Further, she does not advance any factual allegations to demonstrate that other Blackstone Group employees who were of a different religion and gender were treated more favorably. Plaintiff, therefore, fails to make a *prima facie* case of gender and religious discrimination.

### B. Equal Pay Act

Plaintiff also claims that she was subject to wage discrimination. The Equal Pay Act (EPA) prohibits employers from paying wages to employees at a rate less than they pay workers of the opposite sex for equal work that requires equal skill, effort, and responsibility. 29 U.S.C. § 206(d). To prove a violation of the EPA, a plaintiff must show that "employees of the opposite sex were paid differently for performing 'equal work' - work of substantially equal skill, effort and responsibility, under similar working conditions. Stanziale v. Jargowsky, 200 F.3d 101, 107 (3d Cir. 2000). Plaintiff does not allege any facts which would demonstrate that co-workers of the opposite sex received greater compensation for performing similar duties. Therefore, Plaintiff

fails to state a claim under the Equal Pay Act.

### C. New Jersey's Entire Controversy Doctrine

New Jersey's Entire Controversy Doctrine requires "a party to bring in one action 'all affirmative claims that it might have against another party, including counterclaims and cross-claims,' and to join in that action 'all parties with a material interest in the controversy,' or be forever barred from bringing a subsequent action involving the same underlying facts." Rycoline Prods. v. C & W Unlimited, 109 F.3d 883, 885 (3d Cir. 1997) (the doctrine "embodies the notion that the adjudication of a legal controversy should occur in one litigation in only one court . . . ."). Consequently, if a plaintiff fails to litigate all her claims in an earlier proceeding, she is precluded from litigating them in a subsequent proceeding. See Bernardsville Quarry v. Bernardsville, 929 F.2d 927, 930 (3d Cir. 1991). As provided by the Third Circuit, however, "the Entire Controversy Doctrine does not preclude the initiation of a second litigation before the first action has been concluded." Rycoline Prods. v. C & W Unlimited, 109 F.3d 883, 889 (3d Cir. 1997).

In her March 1, 2012 letter to this court, Plaintiff explained she was writing because, she "felt compelled . . . to express the challenges and frustration [she is] experiencing in Superior Court of New Jersey, Prophete v. Blackstone Group, LLC, Docket No: ESX-L-145-11." Although the letter does not provide further details regarding these proceedings, it appears that they are based on the same legal controversy as her current claims.

### CONCLUSION

Even affording a liberal reading on account of Plaintiff's *pro se* status, Plaintiff's

Complaint cannot be construed as supplying facts in support of a claim which could plausibly entitle her to relief. Therefore the Court dismisses Plaintiff's Complaint for failure to state a claim on which relief may be granted, as required by § 1915(e)(2)(B). The Court does so without prejudice to the filing of an amended complaint in accordance with this Opinion within 30 days.

An appropriate Order accompanies this Opinion.

Dated: May 1, 2012

_____
José L. Linares
United States District Judge